UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

PHILLIP IGBINADOLOR,

              Plaintiff,

-against-

SONY CORPORATION, et al.,

              Defendants.

------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case Nos. 04-CV-3556 (FB) (LB)
           04-CV-3557 (FB) (LB)
           04-CV-3559 (FB) (LB)
           04-CV-3561 (FB) (LB)
           04-CV-3562 (FB) (LB)
           (consolidated)

*Appearances:*
*For the Plaintiff:*
MENEZ JEAN-JEROME, ESQ.
146-11 89th Avenue
Jamaica, NY 11435

*For Defendants Sony Electronics, Inc., Sony Corporation of America, and TiVo, Inc:*
ROBERT J. GUNTHER, JR., ESQ.
JENNIFER L. HERRING, ESQ.
Latham & Watkins LLP
885 Third Avenue
Suite 1000
New York, NY 10022

*For Defendant Clarion Corporation of America:*
JOSEPH J. RICHETTI, ESQ.
CHARLES T.J. WEIGELL, ESQ.
Bryan Cave, LLP
1290 Avenue of the Americas
New York, NY 10104

BRUCE LESLIE ISHIMATSU, ESQ.
Bryan Cave, LLP
120 Broadway, Suite 300
Santa Monica, CA 90401-2386

*For Defendant JVC Americas Corp.:*
MORTON AMSTER, ESQ.
MICHAEL BERGER, ESQ.
MICHAEL J. KASDAN, ESQ.
Amster, Rothstein & Ebenstein LLP
90 Park Avenue
New York, NY 10016

BLOCK, District Judge:

In these consolidated actions, plaintiff, Philip Igbinadolor ("Igbinadolor"), sues defendants, Sony Electronics, Inc., and Sony Corporation of America (collectively "Sony"), TiVo, Inc. ("TiVo"), Clarion Corporation of America ("Clarion") and JVC Americas Corp. ("JVC"); he claims that various products manufactured or sold by the defendants infringe two patents and a trademark he holds.[1] The defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56, on the ground that, as a matter of law, there is no infringement of either the patents or the trademark.[2] For the following reasons, the Court grants the motions.

## I. BACKGROUND

At issue in this case are (A) U.S. Patent No. 6,779,196 ("the '196 Patent"), (B) U.S. Design Patent No. 395,884 ("the '884 Design Patent"), and (C) U.S. Trademark Registration No. 2,760,689 ("the '689 Registration").

### A. The '196 Patent

The '196 Patent was issued to Igbinadolor on August 17, 2004. In it, Igbinadolor claims patent rights to:

An integrated car dubbing unit comprising:

---

[1] Igbinadolor has also sued Sony Corporation (an entity separate from Sony Electronics, Inc., and Sony Corporation of America) and Philips Consumer Electronics Company/Philips Magnavox ("Philips"). Sony Corporation has not been served; Phillips has been served, but has not appeared.

[2] Although now represented by counsel, Igbinadolor was initially proceeding *pro se*. Accordingly, each defendant provided Igbinadolor with the required notice to *pro se* litigants opposing motions for summary judgment. *See* Local Rule 56.2.

a[n] LCD screen,

a computer motherboard with optional ports,

a reverse logic dubbing CPU,

a record/playback memory space,

a record/playback tape deck,

a record/playback CD-player,

high speed dubbing and high speed memory erase capabilities,

an audio/video surround sound microphone and infra red night vision camera,

a full function fax and print delivery tray,

an accessory and/or auxiliary port,

a digital/analog clock,

a dual purpose audio/video track disk having software downloaded onto the motherboard that is used to reboot the CD player or re-configure the unit if there was a unit failure,

wherein the unit detects satellite, AM/FM radio stations and television broadcasts including new music release/live music-entertainment event and upon detection of a commercial break, station break, distortion or satellite interruption, the unit pauses a recording function until the commercial or station break, distortion or satellite interruptions are eliminated,

wherein the unit downloads software/programming from satellite/wireless sources for backup purposes,

wherein the microphone and camera provide telephone/video conferencing and capture impacts and unwarranted intruder for later review by authorities or aid in reducing insurance cost and an audible sound alerts a motorist when the camera senses fatigue in the motorist, and

3

> wherein the unit supports Internet access, on-line banking,
> stock market trading, commodity, and precious stone/metal
> trading.

Toto Decl., Ex. 2.[3] In allowing this claim, the patent examiner noted that the closest prior art (a "combination cellular telephone radio receiver and recorder mechanism for vehicles") did not incorporate many of these features, and that Igbinadolor's device was, therefore, "patentably novel, useful, and non-obvious." Kasdan Decl., Ex. 1.

The defendants attest that, since at least August 17, 2004, they have not manufactured, used, sold, offered to sell or imported any product that includes each and every element listed in Igbinadolor's patent claim. Toto Decl. ¶ 12; Barton Decl. ¶ 10; Geiger Decl. ¶ 8; Pierce Decl. ¶ 8. Igbinadolor does not dispute that fact; instead, he identifies several devices that he claims infringe certain elements of his patented device.[4]

---

[3]Igbinadolor makes two additional claims in the patent: one regarding the unit's recording abilities, and one regarding the unit's "retractable assembly" and impact-resistant nature; both incorporate the claim set forth in the text.

[4]Specifically, Igbinadolor claims that TiVo Model Numbers TCD 540040 and TCD24004A infringe the elements of "commercial sensors, anti-distortion or anti-interruption and the recording without use of tapes." Pl.'s Mem. of Law in Opp. to Sony and TiVo's Mot. for Summ. J., at 2. He claims that Sony Model Numbers SLV D350P, SLV N750 and SLV N900 infringe the same elements, adding that "Sony has infringed in downloading music in the internet." Id. He claims that Model Number HRXVS44U infringes the element of "Commercial Sensor Technology." Pl.'s Am. Opp. to JVC's Mot. for Summ. J. ¶ 7. He claims that Clarion Model Numbers VRX745VD, DXZ945MP, DXZ845MC and DXZ745MP infringes the elements of "a[n] LCD screen," "a computer motherboard with optional ports," "a reverse logic dubbing CPU," "a record/playback memory space," and "a dual purpose audio/video track disk having software downloaded onto the motherboard that is used to reboot the CD player or re-configure the unit if there was a unit failure." Pl.'s Mem. of Law in Opp. to Clarion's Mot. for Summ. J., at 4.

4

## B. The '884 Design Patent

The '884 Design Patent was issued to Igbinadolor on July 7, 1998. In it, Igbinadolor claims patent rights to "the ornamental design for a [sic] integrated car dubbing system." Toto Decl., Ex. 1. A visual depiction of the claimed design is included in Appendix 1 to this Memorandum and Order.

The defendants attest that, since at least July 7, 1998, they have not manufactured, used, sold, offered to sell or imported any product that resembles the claimed design. Toto Decl. ¶ 9; Barton Decl. ¶ 7; Geiger Decl. ¶ 6; Pierce Decl. ¶ 11. In response, Igbinadolor claims that a letter from the U.S. Patent Office "affirms" his claim of infringement of the '884 Design Patent. The letter, dated March 16, 1999, grants Igbinadolor's application for the *'196 Patent* "special status" based on Igbinadolor's claim that an infringing product was on the market. Pl.'s Mem. of Law in Opp. to Clarion's Mot. for Summ. J., Ex. A.[5] Igbinadolor further claims that Clarion's use of a touch screen in specified products infringes the '884 Design Patent.

## C. The '689 Registration

The '689 Registration was issued to Igbinadolor on September 9, 2003, for a trademark used in connection with his integrated car dubbing system. A visual depiction of the trademark is included in Appendix 2 to this Memorandum and Order. Igbinadolor claims that the mark was first used in commerce on August 19, 1993.

The defendants attest that, since at least August 19, 1993, they have not used

---

[5]In essence, "special status" allows for expedited examination of a patent application. *See* 37 C.F.R. § 1.102.

anything resembling Igbinadolor's trademark in connection with the sale, offer for sale, distribution or advertising of any of their products. Toto Decl. ¶ 15; Barton Decl. ¶ 13; Geiger Decl. ¶ 11; Pierce Decl. ¶¶ 18-21. Igbinadolor does not dispute this fact.

## II. DISCUSSION

The usual standards for summary judgment apply to claims of patent and trademark infringement. *See Union Carbide Corp. v. American Can Co.*, 724 F.2d 1567, 1571 (Fed. Cir. 1984) (patent); *Lang v. Retirement Living Pub. Co.*, 949 F.2d 576, 580 (2d Cir. 1991) (trademark). Under those standards, a court must grant summary judgment "whenever it determines that there is no genuine issue of material fact to be tried." *Savino v. City of New York*, 331 F.3d 63, 71 (2d Cir. 2003) (citing Fed. R. Civ. P. 56(c) and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). "A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

In considering a motion for summary judgment, the court must "resolve all ambiguities and draw all factual inferences in favor of the nonmoving party." *Id.* (citing *Anderson*, 477 U.S. at 255). Where, however, the non-moving party bears the burden of proof at trial, the moving party need only "'show[]' – that is, point[] out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325. Upon such a showing, "the non-moving party must respond with 'specific facts showing that there is a genuine issue for trial.'" *Golden Pac. Bancorp. v. FDIC*, 375 F.3d 196, 200 (2d Cir. 2004) (quoting Fed. R. Civ. P. 56(e)).

6

## A. The '196 Patent

"The determination of [patent] infringement is a two-step process. First, the court construes the claims to determine the scope of the claims. Second, it compares the properly construed claims to the accused device [to determine infringement]." *Lockheed Martin Corp. v. Space Systems/Loral, Inc.*, 324 F.3d 1308, 1318 (Fed. Cir. 2003). Claim construction is a question of law, *see id.*; infringement is a question of fact, for which the patent holder bears the burden of proof. *See Under Sea Indus., Inc. v. Dacor Corp.*, 833 F.2d 1551, 1557 (Fed. Cir. 1987).

With respect to claim construction, there is a "heavy presumption" that the language of a claim "carries its ordinary and customary meaning." *CCS Fitness, Inc. v. Brunswick Corp.*, 288 F.3d 1359, 1366 (Fed. Cir. 2002). No one argues to the contrary here; therefore, the Court gives the claim of the '196 Patent its ordinary and customary meaning: an integrated car dubbing incorporating no fewer than 12 components, including "an audio/video surround sound microphone and infra red night vision camera," and "a full function fax and print delivery tray fax." Toto Decl., Ex. 2.

With respect to infringement, the patentee must show either literal infringement or infringement under the doctrine of equivalents. *See Multiform Dessicants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1476 (Fed. Cir. 1998) ("Patent infringement occurs when a device...that is literally covered by the claims or is equivalent to the claimed subject matter, is made, used, or sold, without the authorization of the patent holder, during the term of the patent."). "To prove literal infringement, the patentee must show that the

7

accused device contains every limitation in the asserted claims."[6] "The doctrine of equivalents enables a patent owner to prove infringement, despite a lack of literal infringement, where the differences between the claimed product and the accused product are insubstantial." *General Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978, 984 (Fed. Cir. 1997).

Under either theory, the accused product must contain *all* elements of the patented device. "If even one limitation is missing or not met as claimed, there is no literal infringement." *Mas-Hamilton*, 156 F.3d at 1211. Similarly, "[n]o claimed element, or an equivalent thereof, can be absent if the doctrine of equivalents is invoked." *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 264 F.3d 1326, 1333 (Fed. Cir. 2001) (citing *Werner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17 (1997)). Thus, "[a]n infringement issue is properly decided upon summary judgment when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device either literally or under the doctrine of equivalents." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001).

Here, it is undisputed that none of the defendants' products incorporate every claim limitation of the '196 Patent. Igbinadolor argues that the accused products contain *some* limitations, but, as explained above, that is not sufficient to constitute infringement. Thus, as a matter of law, the accused products do not infringe the '196

---

[6] The "limitations" of a claim are simply its elements. *See Lockheed Martin*, 324 F.3d at 1315 n.1. Technically, "[i]t is preferable to use the term 'limitation' when referring to claim language and the term 'element' when referring to the accused device." *Id.* (citation and internal quotation marks omitted). Unfortunately, the cases do not always adhere to the distinction.

Patent.[7]

## B. The '884 Design Patent

"A design patent protects the nonfunctional aspects of an ornamental design as shown in the patent." *Elmer v. ICC Fabricating, Inc.*, 67 F.3d 1571, 1577 (Fed. Cir. 1995). As with utility patents (like the '196 Patent), determining whether a design patent has been infringed requires, first, claim construction and, second, a comparison of the patented and accused designs. *See id.*; *Contessa Food Products, Inc. v. Conagra, Inc.*, 282 F.3d 1370, 1377 (Fed. Cir. 2002).

In the design patent context, claim construction "focuses on the visual impression [the design] creates." *Durling v. Spectrum Furniture Co.*, 101 F.3d 100, 104 (Fed. Cir. 1996). A court must also be cognizant of the fact that "[a] design patent only protects the novel, ornamental [i.e., nonfunctional] features of the patented design." *OddzOn Prods., Inc. v. JustToys, Inc.*, 122 F.3d 1396, 1405 (Fed. Cir. 1997). Rather than undertaking a verbal description of the patented design, the Court refers to the drawings accompanying the '884 Design Patent. *See In re Mann*, 861 F.2d 1581, 1582 (Fed. Cir. 1988) (noting that scope of design patent is "limited to what is shown in the application drawings").

Infringement of a design patent occurs only when two tests are satisfied. The first – the "ordinary observer" test – is satisfied "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same,

---

[7]The sole case cited by Igbinadolor, *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11 (Fed. Cir. 1984), is not to the contrary. *Paper Converting* held that delivery of an unassembled device that otherwise included every element of the patented device could constitute infringement. *See id.* at 19-20. The court expressly distinguished cases holding that omission of a claimed element avoids infringement. *See id.*

9

[that is,] if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Contessa*, 282 F.3d at 1377 (quoting *Gorham Co. v. White*, 81 U.S. (14 Wall) 511 (1871)). The second – the "point of novelty" test – is satisfied if "the accused design appropriates the novelty which distinguishes the patented design from the prior art." *Id.*

With respect to all defendants except Clarion, Igbinadolor does not dispute that the designs of the accused products are not substantially the same as the design shown in the '884 Design Patent; instead, he claims that the March 16, 1999, letter from the U.S. Patent Office "affirms" his complaint of infringement. That letter, however, merely grants the application for the '196 Patent "special status" based on Igbinadolor's *claim* that an infringing product was on the market; it is not an adjudication of that claim.

With respect to Clarion, Igbinadolor claims that use of a touch screen infringes the '884 Design Patent. The touch screen, however, is a functional element of the device; therefore, it is not within the scope of the '884 Design Patent. *See Lee v. Dayton Hudson Corp.*, 838 F.2d 1186, 1189 (Fed. Cir. 1988) ("A design patent is not a substitute for a utility patent.").[8]

In any event, the Court has compared the designs of the accused products to the design shown in the '884 Design Patent and concludes that an ordinary observer would have no difficulty distinguishing them. Thus, Igbinadolor cannot satisfy the "ordinary

---

[8]Clarion's use of a touch screen does not infringe the '196 Patent because, as previously explained, none of Clarion's products incorporates all of the other limitations of the patented device.

observer test."[9]

In sum, the designs of the accused products do not, as a matter of law, infringe the '884 Design Patent.

### C. *The '689 Registration*

To establish trademark infringement, a plaintiff must show that "the defendant used in commerce, without the plaintiff's consent, a 'reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion[.]'" *Arrow Fastener Co. v. Stanley Works*, 59 F.3d 384, 390 (2d Cir. 1995) (quoting 15 U.S.C. § 1114(1)(a)). Here, it is undisputed that the defendants have not used the trademark referred to in the '689 Registration. Thus, Igbinadolor's trademark-infringement claim fails as a matter of law.

## III. CONCLUSION

For the foregoing reasons, the defendants' motions for summary judgment are granted.

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
July 18, 2005

---

[9] It is therefore unnecessary to address the "point of novelty" test. The Court notes, however, that the '884 Design Patent contains few – if any – design features that distinguish it from the generic design of car stereo receivers.

11

**United States Patent** [19]

Igbinadolor

[11] Patent Number: Des. 395,884
[45] Date of Patent: ** Jul. 7, 1998

US00D395884S

[54] INTEGRATED CAR DUBBING SYSTEM

[76] Inventor: Philip Igbinadolor, 240-27 Caney Rd., Rosedale, N.Y. 11422

[**] Term: 14 Years

[21] Appl. No.: 76,710

[22] Filed: Sep. 18, 1997

[51] LOC (6) Cl. ............................................. 14-01
[52] U.S. Cl. ........................................ D14/168; D14/258
[58] Field of Search ..................... D14/124, 160–168, D14/188, 193–198, 257–258, 260, 299; 455/344, 347–351

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| D. 317,308 | 6/1991 | Aoki et al. | D14/162 X |
| D. 321,876 | 11/1991 | Ito et al. | D14/164 |
| D. 334,931 | 4/1993 | Ito et al. | D14/164 |
| D. 345,559 | 3/1994 | Lee | D14/162 |
| D. 348,446 | 7/1994 | Ito et al. | D14/162 |
| D. 360,585 | 8/1995 | Ito et al. | D14/164 X |

*Primary Examiner*—Sandra L. Morris
*Assistant Examiner*—Nanda Boudade

[57] **CLAIM**

The ornamental design for a integrated car dubbing system, as shown.

**DESCRIPTION**

FIG. 1 is a front elevational view of the integrated car dubbing system of the present invention;
FIG. 2 is a back elevational view of the integrated car dubbing system of FIG. 1;
FIG. 3 is a left side elevational view of the integrated car dubbing system of FIG. 1;
FIG. 4 is a right side elevational view of the integrated car dubbing system of FIG. 1;
FIG. 5 is a top plan view of the integrated car dubbing system of FIG. 1; and,
FIG. 6 is a bottom plan view of the integrated car dubbing system of FIG. 1.

The broken line showing on FIG. 1 is for illustrative purposes only and forms no part of the claimed design.

1 Claim, 3 Drawing Sheets







*Fig.1*



*Fig.2*



Fig. 3



Fig. 4



Fig.5

Fig.6

Int. Cl.: 9

Prior U.S. Cls.: 21, 23, 26, 36 and 38

United States Patent and Trademark Office

Reg. No. 2,760,689
Registered Sep. 9, 2003

## TRADEMARK
### PRINCIPAL REGISTER

®ICDS INTEGRATED CAR DUBBING SYSTEM
SISE, SISE. SIS. CSISX   GOLD SERIES

IGBINADOLOR, PHILLIP O. (UNITED STATES INDIVIDUAL), DBA PHILLIP'S RESEARCH & COM. ENTERPRISES
240-27 CANEY ROAD
RIOSEDALE, NY 11422

FOR: CAR STEREO RECEIVER, SATELLITE TRANSMITTER/RECEIVER, AND AUDIO/VIDEO CONFERENCE RECEIVER/TRANSMITTER ALL HAVING HIGH FREQUENCY COMMERCIAL SENSORS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 8-19-1993; IN COMMERCE 8-19-1993.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "INTEGRATED CAR DUBBING SYSTEM", APART FROM THE MARK AS SHOWN.

SER. NO. 76-186,824, FILED 12-26-2000.

CURTIS FRENCH, EXAMINING ATTORNEY